Lawrence, J.
— This is an action in the nature of a quo warranto, in which the plaintiffs pray judgment that section 4 of the Laws of 1873, chapter 335, and the amendments to said act, passed June 13, 1873, chapter 757 of the Laws of 1873, chapter 515 of the Laws of 1874, chapter 400 of the Laws of 1878 and chapter 473 of the Laws of 1882, may be adjudged unconstitutional and void; that the defendants, who are now acting as the aldermen of the city of New York, may be ousted and removed from the offices which they respectively claim to hold; that the relators may have judgment; that they are and each of them is entitled to the office of aldermen, and to the rights, franchises, privileges and emoluments thereof, and have been so entitled since the first Monday of January, 1883, and that the plaintiffs may have judgment that the exercise of such rights, &c., be restored to the said relators, and that the said relators are collectively and individually entitled to exercise the powers and discharge the duties appertaining to the common council of the city of New York, and have been so entitled since the first Monday of January, 1883.
The claim of the relators substantially is that the provisions of chapter 137 of the Laws of 1870, as amended by chapter 574 of the Laws of 1871, are still in force; and were in force on the 7th day of Movember, 1882, at which time the relators claim that they were elected respectively to the office of alderman, pursuant to the provisions of said act, for the term of two years from the first Monday of January, 1883.
The complaint in the action was verified on- the 23d of January, 1884, and the action appears to have been commenced at or about that time. On the 22d of December, 1884, Mr. justice Andrews granted an order directing the defendants to show cause, a.t special term, on the twenty-sixth instant, why an injunction should not be issued restraining the defendants, and each of them, their clerks, attaches and employes, from passing or enacting any resolutions or ordinances, or confirming or rejecting any commissioners, or heads of any departments *73 of the city of New York, or in any manner acting as aldermen, or collectively as the common council of said city, and for such other and further relief as the court may deem just, besides the costs of this motion.
And it was further ordered that the above entitled defendants, and each of them, their clerks, attaches, employes and attorneys be in the meantime restrained, and they and each of them were thereby forbidden to suffer or commit any of said acts until the further order of this court.
On the twenty-third instant the presiding justice granted an order returnable at a special term on the twenty-fourth instant, directing that cause be shown why the order of the twenty-second instant, as far as the same restrains or enjoins the defendants from acting as a common council of the city of New York, or from acting as the aldermen and board of aldermen of the said city, or from passing or enacting any resolutions or ordinances, or confirming or rejecting any commissioners or heads of departments, &c., should not be vacated, annulled and set aside.
It is upon these two orders that the case comes before me for consideration. The proposition that all the acts relating to the electing of aldermen in the city of New York, passed since the year 1873, have been unconstitutional and void is a most serious one and ought not to be entertained by a justice sitting at chambers, unless it is perfectly apparent that there has been a clear and substantial departure from the provisions of the fundamental law (In the Matter of the Petition of the Gilbert Elevated Railway agt. Kobbe, 70 N. Y., 361; People agt. Canal Board, 55 N. Y., 390; Matter of the United States, 66 How. Pr. R., 535). In this case no specification is made in the complaint of the particulars in which it is claimed that the laws in question are in conflict with the constitution. The simple allegation being that the said laws and each and every one of the amendments thereto are unconstitutional and in violation of the laws and usages of the land and void in toto.
Bearing in mind that every presumption is in favor of the *74 constitutionality of acts of the legislature, and that an adverse or doubtful construction is not sufficient to justify the court in holding them to be in conflict with the constitution, I should hesitate very long before determining that the acts which are referred to in the complaint in this action are in conflict with the constitution of the state, particularly in view of the fact that the relators have slept so long upon their rights, if any rights they have, and have not sought to restrain the defendants from exercising the powers and performing the duties of their office until just before the expiration of the term for which the defendants claim to have been elected. But it is not necessary for me, in disposing of this motion, to determine whether - such acts are or are not constitutional, inasmuch as the relief which is sought upon this motion is an order for an injunction restraining the defendants in substance from doing any act, either collectively as the common council of the city or individually as aldermen of said city.
I understand the law to be perfectly well settled that in an action in the nature of a quo warranto, an injunction will never be issued in this state pendente lite, restraining the party in possession of the office from exercising the functions thereof.
In the case of The People agt. Mattier (2 Abb. [N. S.], 289) it was held by Boardman, J., that in actions to oust persons exercising the duties of public officers under a claim of right, a temporary injunction restraining them from exercising the duties of the office pending the litigation should not be granted.
In Lewis agt. Oliver (4 Abb. Pr. R., 121) it was held that in an action in the nature of a quo warranto, being the proper remedy where an authorized person has usurped the office of alderman in a municipal corporation, an injunction could not be granted to restrain the incumbent from exercising the powers and performing the duties of the office. In that case the court determined that the election of the defendant was not legal, and yet the injunction was refused.
In the case of The People ex rel. Wood agt. Draper (4 How. Pr. R., 233), it was held by Peabody, J., that in an *75 action of quo warranto to determine the right to a public office, an injunction restraining generally the functions of the office is not authorized by law.
In Morris agt. Whelan (64 How., 109), the application was for an injunction to restrain the defendant from acting as president of the common council of Troy, and it was distinctly held that where a person usurps and intrudes into a public office, civil or military, and the attorney general brings his action to oust him, no injunction can be obtained pendente lite.
In Thompson agt. Commissioners of the Canal Fund (2 Abb., 248), Mr. justice Mitchell held that the courts of this state have no power to restrain by injunction the acts of officers of the state who are proceeding under authority of a law of this state; and the fact that such law is unconstitutional forms no ground for granting such injunction.
In The Mayor agt. Conover (5 Abb. Pr. R., 171), Mr. justice Roosevelt decided that a preliminary injunction, the effect of which would be in effect to oust a party, although only temporarily, from the exercise of the functions of an office, by preventing his access to the books and to papers appertaining to it, should not be granted. That the title to a public office could hot be indirectly tried in an injunction suit brought to restrain a claimant of such office from interfering with the books and papers appertaining thereto.
Long prior to the decisions in the cases above referred to, chancellor Walwobth had decided in the case of Tappan agt. Gray (9 Paige's R., 507) that “ this court ought not to assume the jurisdiction to oust an officer in no way connected with the administration of justice here, and over whose appointment it has no control, from an office the duties of which he is discharging under color of an appointment from the executive of the state, until his right to such office has been settled in a mode prescribed by law by the Revised Statutes for the determination of his claim,” and as that would be the necessary effect of the injunction prayed for in that case, the chancellor reversed the decision of the vice-chancellor who had *76 overruled the demurrer to the bill, the action having been brought by Tappan, claiming that he had been duly appointed by the governor, with the consent of the senate, as an inspector of flour for the city of New York, and that the defendant Gray had intruded himself into that office and entered upon the discharge of its duties, and was receiving the fees and emoluments thereof. The decision of the chancellor was affirmed by the court of errors (See 7 Hill, 259).
From this review of the cases bearing upon the right to a preliminary injunction restraining the incumbent, pending the suit, from exercising the functions of the office in dispute, it will be seen that such injunctions have been uniformly denied by the courts of this state. If there is anything in the case of Kerr agt. Trego (47 Penn., 292), cited by the counsel for the relators, conflicting with the decisions to which I have referred, it cannot, of course, be regarded as an authority by me.
For these reasons I am of the opinion that no injunction should be granted herein, and that the temporary injunction heretofore granted should be vacated and set aside.